IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:12-cv-80161-DMM

JOHN AGNEW,

    Plaintiff,

v.

BARNARD CONSTRUCTION COMPANY, INC.,

    Defendant.

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT
## AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, Plaintiffs, and Defendant, Barnard Construction Company, Inc. ("Defendant"), jointly move the Honorable Court to approve their settlement reached at Mediation and state as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

**A.**  **Background**

This action involves a claim for violation of the Fair Labor Standards Act ("FLSA") in connection with overtime wages arising out of multiple individuals' prior employment with Defendant. Plaintiff John Agnew filed the subject lawsuit on behalf of himself individually, and collectively on behalf of all similarly situated former employees of Defendant who were allegedly not paid proper overtime wages while working on a reservoir construction project for Defendant beginning anywhere from the start of the project in 2006 through 2008, until the end of May of 2008. More specifically, Plaintiffs claimed that they were required to report to work prior to beginning their shifts, and to remain after their shifts were completed without being

compensated overtime wages for such alleged time. As a result, Plaintiffs alleged that Defendant violated the Fair Labor Standards Act and sought damages of unpaid overtime compensation, attorney's fees, and costs from Defendant. In this regard, Agnew and 43 other former employees of Defendant (hereinafter collectively referred to as "Plaintiffs") filed FLSA Consent Forms from a former action they had initiated against Defendant.

On June 7, 2012, Defendant filed its Answer and Affirmative Defenses to the Complaint, denying the Plaintiffs' allegations, and asserting several affirmative defenses to Plaintiffs' claims. Specifically, Defendant maintained, and continues to maintain, that Plaintiffs were properly compensated for all hours worked over 40 in a workweek. Additionally, Defendant asserted that Plaintiffs' claims arising two years prior to the date of the filing of the Complaint were barred by the statute of limitations. Following the conduction of court and party discovery, Defendant asserted that record evidence reflected that Plaintiffs were not required to report to work prior to beginning their shifts, or to remain after their shifts were completed. Accordingly, Defendant contended that Plaintiffs did not violate the Fair Labor Standards Act and were not entitled to any of the relief sought in the Amended Complaint.

The parties participated in Mediation on July 17, 2012 with Mediator Cathleen Scott, Esquire, between approximately 9:00 a.m. and 8:00 p.m., which culminated in the parties reaching an amicable resolution of all of Plaintiffs' claims. The terms of this settlement were reduced to 44 written agreements, one for each Plaintiff, executed copies of which are attached hereto as Composite Exhibit "A." Pursuant to the terms of the parties' settlements, and without acknowledging any wrongdoing, and expressly denying same, Defendant agreed to pay the agreed upon consideration as set forth in each of the 44 Plaintiffs' individual settlement

agreements for and to extinguish Plaintiffs' alleged overtime wage claims, liquidated damages, and attorney's fees and litigation costs. Id.

Plaintiffs and Defendant have agreed to the material terms set forth in their Settlement Agreement in light of the uncertainty and risks facing each side in connection with the trial set for September of 2012, as numerous disputes of fact exist on material issues and legal elements of Plaintiffs and Defendant's respective positions would have to be adjudicated by the Court. Because Plaintiffs' claims were brought pursuant to the FLSA and the instant resolution involves a compromise, the parties' settlement is hereby submitted to the Court for approval.

WHEREFORE, the Parties respectfully request that the Court approve the Settlement Agreement and dismiss this action with prejudice.

## MEMORANDUM OF LAW

### I. THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENT BECAUSE IT IS A FAIR AND REASONABLE COMPROMISE OF THE DISPUTE OVER PLAINTIFFS' FLSA CLAIMS.

#### A. The Parties' Settlement Is Fair And Reasonable Given The Merits Of Defendant's Defenses And The High Expense of Additional Litigation.

There are two ways in which claims under the FLSA can be settled and released by employees. First, Section 216(c) of the FLSA allows employees to settle and waive their claims if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See § 29 U.S.C. 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an alleged employee against an alleged employer under Section 216(b), an alleged employee may settle and release FLSA claims against an alleged employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. Id.; see also Sculte, Inc. v. Gandi, 328 U.S. 108 (1946); Jarrad v. Southeastern

3

Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of a FLSA settlement in a litigation context, the Eleventh Circuit has stated:

> "Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation."

Lynn's Food Stores, 679 F.2d at 1354. See also, Roldan v. Windhover Ass'n, Inc., No. 6:06-cv-1097-Orl-28JGG, 2007 WL 778958, at *3 (M.D. Fla. Mar. 9, 2007) (recognizing that, when determining whether a settlement is fair and reasonable, courts should consider: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel) (citing Leverso v. SouthTrust Bank of Ala., Nat'l Assoc., 18 F.3d 1527, 1531 at n.6 (11th Cir. 1994)).

### B. The Parties Engaged In Extensive Negotiations, Culminating In A Fair And Reasonable Settlement.

Although Defendant denied (and continues to deny) that Plaintiffs are owed any unpaid overtime wages, Defendant agreed to pay the agreed upon consideration as set forth in each of the 44 Plaintiffs' individual settlement agreements for and to extinguish Plaintiffs' alleged overtime wage claims and alleged liquidated damages. Based upon the facts and circumstances of this case, the parties jointly believe these amounts are a fair and reasonable compromise, with Plaintiffs obtaining certainty over the amount of their recovery, closure of the instant case after a

4

lengthy period of challenging litigation against Defendant, which vehemently opposed Plaintiffs' claims, and Defendant limiting further expense and inconvenience to its business operations. Significantly, throughout settlement negotiations both leading up to and during Mediation in July of 2012, Plaintiffs provided specific settlement authority to Plaintiffs' Counsel for Plaintiffs' settlement recovery independent of any consideration of attorneys' fees or costs, which settlement authority was based upon Plaintiffs' personal decision about their objective to obtain a sum certain in comparison to the extent of their potential recovery at trial—which amounts are to be paid promptly by Defendant upon the Court's approval pursuant to the parties' negotiations. Accordingly, the parties jointly believe that the parties' Settlement provides Plaintiffs with substantial recovery and benefits which warrant the Court's approval of the terms of the parties' settlement in order to effectuate the finalization of the bargain entered into by and between the parties at Mediation.

### C.    The Consideration to be Paid for Plaintiffs' Attorneys Fees and Costs is Reasonable.

As set forth above, under the parties' settlement, Defendant agreed to pay $42,055.03 in consideration for all of Plaintiffs' attorney's fees and costs. These fees and costs are not a percentage of Plaintiffs' recovery in this case, such that there is no correlation between the amount of monetary consideration being paid to Plaintiffs and the amount of attorneys' fees and costs being paid by Defendant on Plaintiffs behalf. See 29 U.S.C. §216(b); Kreager v. Solomon & Flanagan, P. A., 775 F. 2d 1541, 1542 (11th Cir. 1985). Rather, in the parties' settlement negotiations, Plaintiffs' attorney's fees and costs were reviewed by all parties and their counsel separate and apart from the amounts claimed by Plaintiffs for their unpaid underlying claims. As the Honorable Judge Presnell explained in Bonetti v. Embarq Management Co., 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed

5

upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach." 2009 U.S. Dist. LEXIS 68075 at *15-16. Courts have held that it is unnecessary to inquire into the reasonableness of a plaintiff's fees where, as here, both sides stipulate as to the reasonableness of the fees and its readily apparently that the fees and costs did not diminish the plaintiff's recovery. See Bonetti, 2009 U.S. Dist. LEXIS 68075 at *12.

Here, Pincus & Currier LLP have represented Plaintiffs since September of 2011, and maintain that Plaintiffs' total attorney's fees amounted to $100,210.00, inclusive of the work performed by lead counsel, William Pincus, Esquire (87.25 hours x $400/hour = $34,900.00), and Romin Currier, Esquire (217.7 hours x $300/hour = $65,310.00). Courts have held that it is unnecessary to inquire into the reasonableness of a plaintiff's fees where, as here, both sides stipulate as to the reasonableness of the fees and its readily apparently that the fees and costs did not diminish the plaintiff's recovery. See Bonetti, 2009 U.S. Dist. LEXIS 68075 at *12. Further, even under a lodestar analysis, as demonstrated above, the compromise consideration of $42,055.03 to be paid by Defendant in satisfaction of all of Plaintiffs' attorney's fees and costs under the parties' Settlement is reasonable. To this end, Plaintiff's Counsel represents that no monies will be deducted from the consideration to be paid to Plaintiff under the parties' Settlement Agreement for any fees or costs.

## C.  CONCLUSION

Based on the foregoing, the parties jointly and respectfully request that the Court review and approve the Agreement and enter the parties' proposed order, which is attached hereto as Exhibit "B."

Respectfully submitted this 13th day of August, 2012.

| | |
|---|---|
| **/s/ Romin Currier, Esq.** | **/s/ Nicole Wall, Esq.** |
| William Pincus, Esq. | S. Jonathan Vine, Esq. |
| Romin Currier, Esq. | Nicole Wall, Esq. |
| Pincus & Currier LLP | COLE SCOTT & KISSANE, P.A. |
| 324 North Lakeside Court | 1645 Palm Beach Lakes Boulevard, 2nd Floor |
| West Palm Beach, FL 33407 | West Palm Beach, FL 33401 |
| Phone: (561) 868-1340 | Telephone: (561) 383-9236 |
| Fax: (561) 366-1310 | Fax: (561) 683-8977 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |